IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE JAMES PEACE, II,         No. CIV S-11-0444-CMK-P

       Petitioner,

   vs.                                    ORDER

SAN JOAQUIN COUNTY,

       Respondent.

            Petitioner, a state pretrial detainee proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

            On May 2, 2011, the court directed petitioner to show cause in writing why his petition should not be summarily dismissed.  In response, petitioner continues to claim he has been wrongfully charged with a crime and calls for the courts to investigate the victim's history and the conduct of the arresting officer.  He fails, however, to make a showing of "special circumstances" to warrant federal intervention into a State trial matter.  See Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.1980).

            In the order to show cause, the court stated:

1

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. Petitioner is a pretrial detainee being held at the San Joaquin County Jail. He claims he was falsely arrested and wrongfully charged with a crime.

This court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State Court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Principles of comity and federalism require that this court abstain and not entertain Petitioner's pre-conviction habeas challenge unless he shows that: (1) he has exhausted available state judicial remedies, and (2) "special circumstances" warrant federal intervention. See Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.1980). Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other special circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate. See id. at 84 (citing Perez v. Ledesma, 401 U.S. 82, 85 (1971)).

In his petition, Petitioner makes no such showing of "special circumstances" warranting federal intervention before the trial is held and any appeal is completed. See id. Although he claims he has been wrongfully accused, and that he has been harassed and falsely arrested by a Tracy Police Officer, Officer Sierra, the reports petitioner attaches to his petition indicate several other officers were involved in the investigation of the alleged crime and his arrest. These reports also include witness statements which implicate petitioner's involvement in the alleged crime. While other witness statements, in petitioner's opinion, fail to corroborate each other, that is an issue best left to the trial court. Thus, there is no sufficient showing of harassment or bad faith on the facts submitted in the petition. In addition, petitioner makes it clear that he has not even attempted to exhausted his state court remedies as to any of his claims.

Plaintiff fails to show good cause for his petition not to be summarily dismissed. He fails to show he has exhausted available state remedies and that there are "special circumstances" to warrant federal intervention at this stage of the State court proceedings. The validity of victim statements and the behavior of the arresting officer are issues that can be addressed at petitioner's trial. Petitioner has made no showing that there he is subjected to irreparable injuries. It is therefore plain that petitioner is not entitled to federal habeas relief.

1       Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the court has considered whether to issue a certificate of appealability.  Before petitioner can appeal this decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  See Fed. R. App. P. 22(b).  Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 1604 (2000)).  For the reasons set forth in the court's May 2, 2011, order to show cause and herein, the court finds that issuance of a certificate of appealability is not warranted in this case.

      Accordingly, IT IS HEREBY ORDERED that:

    1.    Petitioner's petition for a writ of habeas corpus (Docs. 1) is summarily dismissed;

    2.    Petitioner's motion not to dismiss the petition (Doc. 8) is denied;

    3.    The court declines to issue a certificate of appealability; and

    4.    The Clerk of the Court is directed to enter judgment and close this file.


DATED: January 23, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE