1

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9    MAURICE JAMES PEACE, II,              No. CIV S-11-0444-CMK-P

10              Petitioner,

11         vs.                             <u>ORDER</u>

12   SAN JOAQUIN COUNTY,

13              Respondent.

14   _____/

15         Petitioner, a state pretrial detainee proceeding pro se, brings this petition for a writ

16   of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has consented to Magistrate Judge

17   jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the

18   action.

19         On May 2, 2011, the court directed petitioner to show cause in writing why his

20   petition should not be summarily dismissed.  In response, petitioner continues to claim he has

21   been wrongfully charged with a crime and calls for the courts to investigate the victim's history

22   and the conduct of the arresting officer.  He fails, however, to make a showing of "special

23   circumstances" to warrant federal intervention into a State trial matter.  <u>See</u> <u>Carden v. Montana</u>,

24   626 F.2d 82, 83-84 (9th Cir.1980).

25

26         In the order to show cause, the court stated:

                                         1

1      Rule 4 of the Federal Rules Governing Section 2254 Cases
2  provides for summary dismissal of a habeas petition "[i]f it plainly
   appears from the face of the petition and any exhibits annexed to it
3  that the petitioner is not entitled to relief in the district court."  In
   the instant case, it is plain that petitioner is not entitled to federal
4  habeas relief.  Petitioner is a pretrial detainee being held at the San
   Joaquin County Jail.  He claims he was falsely arrested and
5  wrongfully charged with a crime.
       This court may "entertain an application for a writ of
6  habeas corpus in behalf of a person in custody pursuant to the
   judgment of a State Court only on the ground that he is in custody
7  in violation of the Constitution or laws or treaties of the United
   States."  28 U.S.C. § 2254(a).  Principles of comity and federalism
8  require that this court abstain and not entertain Petitioner's pre-
   conviction habeas challenge unless he shows that:  (1) he has
9  exhausted available state judicial remedies, and (2) "special
   circumstances" warrant federal intervention.  See Carden v.
10 Montana, 626 F.2d 82, 83-84 (9th Cir.1980).  Only in cases of
   proven harassment or prosecutions undertaken by state officials in
11 bad faith without hope of obtaining a valid conviction and perhaps
   in other special circumstances where irreparable injury can be
12 shown is federal injunctive relief against pending state
   prosecutions appropriate.  See id. at 84 (citing Perez v. Ledesma,
13 401 U.S. 82, 85 (1971)).
       In his petition, Petitioner makes no such showing of
14 "special circumstances" warranting federal intervention before the
   trial is held and any appeal is completed.  See id.  Although he
15 claims he has been wrongfully accused, and that he has been
   harassed and falsely arrested by a Tracy Police Officer, Officer
16 Sierra, the reports petitioner attaches to his petition indicate several
   other officers were involved in the investigation of the alleged
17 crime and his arrest.  These reports also include witness statements
   which implicate petitioner's involvement in the alleged crime.
18 While other witness statements, in petitioner's opinion, fail to
   corroborate each other, that is an issue best left to the trial court.
19 Thus, there is no sufficient showing of harassment or bad faith on
   the facts submitted in the petition.  In addition, petitioner makes it
20 clear that he has not even attempted to exhausted his state court
   remedies as to any of his claims.

21      Plaintiff fails to show good cause for his petition not to be summarily dismissed.

22 He fails to show he has exhausted available state remedies and that there are "special

23 circumstances" to warrant federal intervention at this stage of the State court proceedings.  The

24 validity of victim statements and the behavior of the arresting officer are issues that can be

25 addressed at petitioner's trial.  Petitioner has made no showing that there he is subjected to

26 irreparable injuries.  It is therefore plain that petitioner is not entitled to federal habeas relief.

1    Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the

2  court has considered whether to issue a certificate of appealability.  Before petitioner can appeal

3  this decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c); Fed. R. App. P.

4  22(b).  Where the petition is denied on the merits, a certificate of appealability may issue under

5  28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

6  constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of

7  appealability indicating which issues satisfy the required showing or must state the reasons why

8  such a certificate should not issue.  See Fed. R. App. P. 22(b).  Where the petition is dismissed

9  on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1)

10  'that jurists of reason would find it debatable whether the district court was correct in its

11  procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition

12  states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775,

13  780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 1604 (2000)).

14  For the reasons set forth in the court's May 2, 2011, order to show cause and herein, the court

15  finds that issuance of a certificate of appealability is not warranted in this case.

16    Accordingly, IT IS HEREBY ORDERED that:

17    1.    Petitioner's petition for a writ of habeas corpus (Docs. 1) is summarily

18  dismissed;

19    2.    Petitioner's motion not to dismiss the petition (Doc. 8) is denied;

20    3.    The court declines to issue a certificate of appealability; and

21    4.    The Clerk of the Court is directed to enter judgment and close this file.

22

23  DATED:   January 23, 2012

24    _____
   **CRAIG M. KELLISON**
25    UNITED STATES MAGISTRATE JUDGE

26

3